## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHEME ELECTRIC, L.L.C.,**
       **Plaintiff,**

*vs*.                                                         **CIVIL ACTION NO.  1:10cv141**

**TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA,**
       **Defendant.**

### ORDER/OPINION

Plaintiff Sheme Electric, L.L.C. ("Sheme"), by counsel, filed a Motion to Compel Discovery on December 21, 2010 [DE 24].  Defendant Travelers Casualty and Surety Company of America ("Travelers"), by counsel,  filed its response in opposition on January 10, 2011  [DE 30].  Sheme filed its reply on January 17, 2011 [DE 31].  This matter was referred to the undersigned United States Magistrate Judge by Order entered December 22, 2010 [DE 26].

On February 14, 2011, Sheme appeared by counsel, Jeffrey D. Van Volkenburg, and Travelers appeared by counsel, Melissa M. Barr, for hearing and argument on the motion.

Sheme moves the Court to compel Travelers to fully and completely respond to Requests 3(b), 3(c), and 28.

**Factual History and Allegations**

Sheme was hired by contractor Steeb Crawford Construction Company ("Steeb") to perform electrical work on a project to build the Jackson's Mill Fire Training Academy for West Virginia University in Lewis County, West Virginia.  Sheme and Steeb entered into a contract on or about July 25, 2006.  Pursuant to the contract, Sheme was to be paid the amount of $405,000.00, plus additional compensation for work for which a Change Order was approved.  Steeb alleges the total value of its contract with Steeb is $455,079.74, of which Steeb has paid only $271,319.83, leaving

a balance of $183,759.91.

Travelers provided a labor and material payment bond to Steeb to guarantee payment for labor and materials for the Jackson's Mill project.  Following Steeb's failure to pay the full amount to Sheme, Sheme submitted a claim to Travelers for payment under the bond.  As of the date of the Complaint, Travelers had not paid the $183,759.91 Sheme claims it is owed.  Travelers alleges that Sheme is not entitled to the amount, at least in part because it delayed the project prior to Substantial Completion and again prior to Final Completion.

**Procedural History**

Sheme filed a Complaint against Travelers in State court on August 4, 2010.  As is the usual procedure in State court, Sheme filed its First Set of Combined Discovery to Travelers along with the Complaint.  Travelers removed the matter to this Court on September 9, 2010.  Travelers filed its Answer to the Complaint on September 16, 2010.  On October 1, 2010, the Court entered its First Order, setting the deadline for the parties' Rule 26(f) planning conference for October 14, 2010.  The parties held their Rule 26(f) planning conference on October 12, 2010, and filed their Planning Report on October 21, 2010.  Because no discovery is permitted in Federal Court prior to the Rule 26(f) conference, Travelers' responses to the discovery were effectively stayed.  Travelers served its Answers and Responses to Sheme's discovery requests on November 4, 2010.

On November 30, 2010, counsel for Sheme wrote a letter to counsel for Travelers, indicating responses it deemed insufficient.  On December 7, 2010, the parties filed a joint stipulation indicating that Travelers would have until December 10, 2010, to supplement its discovery responses.  Sheme would then have until December 17, 2010, to file any motion to compel, if necessary.  The Court approved the stipulation by Order entered December 8, 2010.  On December

2

17, 2010, the parties entered into an agreed stipulation to extend the time "to resolve the outstanding discovery disputes" to December 21, 2010. Sheme would have until December 21, 2010 to file any motion to compel.[1]  Travelers represents that when the parties conferred on December 17, 2010, Sheme's counsel advised that the supplemental responses appeared sufficient, but that counsel wanted additional time to review the responses, and would be unable to do so that day, as counsel was attending Judge Maxwell's memorial service. Travelers represents that Sheme never advised of any remaining deficiencies after the 17th. Sheme filed its Motion to Compel on December 21, 2010.

**Requests 3(b) and 3(c)**

Requests 3(b) and 3(c) asked that:

With regard to those actions and/or inactions on the part of Sheme Electric, LLC, if any, which you have identified in your response to Request No. 2 as having delayed the completion of the Jackson's Mill Fire Training Academy, please state the following:

b.    The manner in which the alleged action(s) and/or inaction(s) caused delay;

c.    The identification of the other contractors and/or subcontractors whose work was delayed by the action(s) and/or inaction(s).

Travelers' original response is as follows:

b-c.    On the dates referenced, Plaintiff's work was on the critical path for the Project. Accordingly, the work of all follow-on contractors was delayed.

In its Supplemental Answers and Responses, Travelers did not provide further information responsive to these requests. In a letter, however, Travelers advised Sheme that an expert opinion

---

[1]The undersigned notes that although this was a stipulated agreement of the parties, the Court never entered the proposed order granting the extension of time.

would be required in order to respond to those requests.

Sheme argues that Travelers should be able to identify the manner in which Sheme allegedly delayed the project, and should also be able to identify the other contractors and subcontractors whose work was allegedly delayed by Sheme.  Sheme contends that the information is vital to the claims and defenses in this matter, in particular, Travelers' defense that Sheme caused delay on the project.

Travelers responds that Steeb asserted in letters dated October 2, November 10, and November 12, 2008, all of which have been produced to Sheme, that Sheme's claims should be denied because Sheme delayed completion of the project.  Travelers also responds the area of inquiry is one reserved for expert opinion because it involves an understanding of construction means and methods, comparison of as-planned versus as-built scheduling and forensic critical path method (CPM) scheduling methodology.  Travelers plans to retain an expert to analyze the documentation in its possession and once that analysis is complete, will provide same to Sheme.  Travelers asserts that, at this point, both it and Sheme have the same information regarding the cause of the delay.

Sheme argues that its requests seek only factual information underlying Travelers' assertions that Sheme caused delay on the project and is thus not entitled to the relief requested.

At the hearing, counsel for Travelers further explained that Steeb no longer existed as a company, making it more difficult to obtain more precise information regarding the delays.  Counsel reiterated  her belief that retention of an expert was required to adequately respond to the request.  Further, counsel believed early mediation may resolve all the issues and retention of an expert sooner than required in order to respond to the request would add unnecessary cost to the litigation.

According to the Court's Scheduling Order, the party bearing the burden of proof on an issue shall disclose its expert for that issue no later than March 7, 2011.  The party not bearing the burden of proof on an issue shall make the disclosures for that issue on or before March 28, 2011.   The party bearing the burden of proof would therefore require all discoverable information be produced early enough to provide to its expert for his or her review.[2]

The Court finds it appropriate that Sheme should know how it allegedly delayed the project and what other contractors/subcontractors it is alleged to have delayed.  In consideration of all which, and for reasons as stated on the record, the Court grants  Travelers' motion as to Requests 3(b) and 3(c).

**Request No. 28**

Request No. 28 asked:

Please identify each and every subcontractor who has filed suit against you and/or Steeb Crawford to collect monies allegedly due and owing for labor, materials ands supplies furnished on the Jackson's Mill Fire Training Academy project.  For each subcontractor identified, please provide:

1.      The case name and civil action number of the lawsuit filed, and

2.      The identity of the attorney representing said contractor(s).

Travers objected to the request, arguing it was not relevant to Sheme's claims and was therefore beyond the scope of discovery.  Sheme argues that the information requested will reveal the identity of other subcontractors which may have filed suit to collect money due and owing as a result of work

_____

[2]By this Order, the undersigned does not make any representation as to which party may have the burden of proof regarding which issue and therefore when any expert must be disclosed. That's the party's burden to get right rather than risk going to trial without an expert.  This decision, its execution, or order does not extend the time to disclose required experts.

performed or materials and supplies furnished for the Jackson's Mill project, thereby leading to further information concerning the alleged delays, if any, attributable to Sheme; individuals with knowledge of the claims made by Sheme; and Traveler's defenses to this suit.

In its Response and at the hearing, Travelers stood by its position that the information sought by Sheme in Request number 28 is "not relevant to Plaintiff's breach of contract claim against Travelers." Travelers did represent that to counsel's knowledge, only one lawsuit had been filed against Travelers regarding the project at issue.

F.R.Civ.P. 26(b)(1) provides:

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . .Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The Court finds that information involving lawsuits against Travelers by other contractors/subcontractors for alleged nonpayment or underpayment for work performed or materials furnished on the same project as Sheme appears reasonably calculated to lead to the discovery of admissible evidence and is therefore discoverable. The Court therefore grants Sheme's Motion to Compel regarding Request No. 28.

For the above reasons as well as those stated on the record of the February 14, 2011, hearing Sheme Electric, L.L.C.'s  Motion to Compel [DE 24] is **GRANTED.**    Travelers Casualty and Surety Company of America  shall make full response to Requests 3(b) and 3(c) and Request 28 on or before March 15, 2011 or any sooner date for already established for expert disclosure, whichever should first occur.

This Court must, after giving Travelers an opportunity to be heard, require Travelers or his

6

attorneys or both to pay Sheme's reasonable expenses incurred in making the motion, including attorney's fees.  Counsel for Sheme is therefore directed, within fourteen (14) days of entry of this Order, to file with the Court and serve on counsel for Travelers an accounting of costs and fees expended in filing the Motion to Compel.  Travelers shall have seven (7) days after service of said accounting to file any objections it has.

Should the Court receive <u>both</u> a request for fees and costs <u>and</u> an objection thereto, a hearing shall be scheduled in order that Travelers may be heard on the matter.

The Clerk of this Court is directed to provide counsel of record with electronic copies of this Order.

It is so **ORDERED.**

DATED: February 15, 2011.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE